﻿Citation Nr: AXXXXXXXX
Decision Date: 03/21/19 Archive Date: 03/21/19

DOCKET NO. 181028-662
DATE: March 21, 2019

ORDER

Entitlement to an evaluation in excess of 10 percent for degenerative disc disease of lumbar spine is denied.

FINDING OF FACT

The Veteran’s degenerative disc disease of lumbar spine was not manifested by forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; combined range of motion of the thoracolumbar spine not greater than 120 degrees; muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour; or incapacitating episodes of Intervertebral Disc Disease Syndrome (IVDS) having a total duration of at least two weeks but less than four weeks during a 12-month period.

CONCLUSION OF LAW

The criteria for an evaluation in excess of 10 percent for degenerative disc disease of lumbar spine have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.6, 4.7, 4.40, 4.45, 4.59, 4.71a Diagnostic Code 5237 (2018). 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from December 1982 to March 1987. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence on record as of the date VA received the RAMP election form. In October 2018, the Veteran timely appealed this RAMP rating decision to the Board of Veterans’ Appeals (Board) and requested evidence submission within 90 days. 

The Veteran is seeking a higher evaluation than the current 10 percent disability rating assigned for her service-connected degenerative disc disease of lumbar spine. 

Legal criteria

A disability rating is determined by the application of VA’s Schedule for Rating Disabilities (Rating Schedule). See generally 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can practicably be determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. See 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2018). Separate diagnostic codes identify the various disabilities. 38 C.F.R. § 4.27 (2018).

VA has a duty to acknowledge and to consider all regulations that are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusions. See Schafrath v. Derwinski, 1 Vet. App. 589, 592-93 (1991). 

Where there is a question as to which of two ratings to apply, VA will assign the higher rating if the disability picture more nearly approximates the criteria for that rating. 38 C.F.R. § 4.7 (2017). Otherwise, it will assign the lower rating. Id.

Degenerative disc disease of lumbar spine is evaluated under either the General Formula for Diseases and Injuries of the Spine (General Formula) or the Formula for Rating IVDS Based on Incapacitating Episodes (IVDS Formula), whichever method results in the higher rating. 38 C.F.R. § 4.71a (2018). 

Under General Formula, a 10 percent evaluation is warranted for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or forward flexion of the cervical spine greater than 30 degrees but not greater than 40 degrees; or combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or combined range of motion of the cervical spine greater than 170 degrees but not greater than 335 degrees; or muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or vertebral body fracture with loss of 50 percent or more of the height. A 20 percent evaluation is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or forward flexion of the cervical spine greater than 15 degrees but not greater than 30 degrees; or combined range of motion of the thoracolumbar spine not greater than 120 degrees; or combined range of motion of the cervical spine not greater than 170 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 30 percent evaluation is warranted for forward flexion of the cervical spine 15 degrees or less, or favorable ankylosis of the entire cervical spine; a 40 percent evaluation is warranted for unfavorable ankylosis of the entire cervical spine, or forward flexion of the thoracolumbar spine 30 degrees or less, or favorable ankylosis of the entire thoracolumbar spine; a 50 percent evaluation is warranted for unfavorable ankylosis of the entire thoracolumbar spine; and a 100 percent evaluation is warranted for unfavorable ankylosis of entire spine. 38 C.F.R. § 4.71a, General Formula (2018). 

Under IVDS Formula, a 10 percent evaluation is warranted for incapacitating episodes having a total duration of at least one week but less than two weeks during the past 12 months; a 20 percent evaluation is warranted for incapacitating episodes having a total duration of at least two weeks but less than four weeks during the past 12 months; a 40 percent evaluation is warranted for incapacitating episodes having a total duration of at least four weeks but less than six weeks during the past 12 months; and a 60 percent evaluation is warranted for incapacitating episodes having a total duration of at least six weeks during the past 12 months. 38 C.F.R. § 4.71a, IVDS Formula (2018). An incapacitating episode is a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician. Id., at Note (1). 

It should be noted that any objective neurologic abnormalities, including but not limited to, bowel or bladder impairment, should be rated separately under an appropriate diagnostic code. 38 C.F.R. § 4.71a, General Formula (2018), at Note (1). 

Factual background and analysis

On December 2016 VA examination, the examiner noted the Veteran’s diagnoses of degenerative disc disease of lumbar spine and bilateral lower extremity radiculopathy. The Veteran did not report flare-ups, but reported functional loss due to limitation in sitting and standing due to back pain, and difficulty in going up and down the stairs. Her range of motion was measured at: forward flexion to 70 degrees; extension to 20 degrees; right lateral flexion to 25 degrees; left lateral flexion to 30 degrees; right lateral rotation to 25 degrees; and left lateral rotation to 30 degrees. Pain was noted for all range of motion. The examiner noted that the range of motion itself does not contribute to a functional loss. There was evidence of pain with weight bearing. 

During the December 2016 VA examination, the examiner noted tenderness of the lumbar spine and bilateral paraspinal musculature in the thoracic area. The Veteran was able to perform repetitive-use testing with at least three repetitions without additional loss of function or range of motion afterwards. The Veteran did not have guarding or muscle spasm of the thoracolumbar spine. The examiner noted radicular pain due to radiculopathy. The Veteran did not have ankylosis of the spine. The examiner noted that the Veteran has IVDS, but reported that she did not have any episodes of acute signs and symptoms due to IVDS that required bed rest prescribed by a physician and treatment by a physician in the past 12 months. The examiner reported that arthritis was documented by imaging studies. 

On October 2017 VA examination, the examiner noted the Veteran’s diagnoses of degenerative arthritis of the spine, IVDS, and spondylolisthesis. The Veteran reported that she is experiencing symptoms of chronic pain, throbbing low back pain, stabbing pain, limited mobility aggravated by descending stairs, numbness and tingling sensation radiating to bilateral lower extremities. The Veteran reported that her current treatments include using TENs units and taking Etodolac. The Veteran reported once-a-month flare-up with intense pain with limited mobility where she is unable to get up from bed. Her range of motion was measured at: forward flexion to 70 degrees; extension to 20 degrees; right lateral flexion to 25 degrees; left lateral flexion to 30 degrees; right lateral rotation to 25 degrees; and left lateral rotation to 30 degrees. Pain was noted for all range of motion. The examiner noted that the range of motion itself contribute to a functional loss due to limitation in mobility and movement. There was evidence of pain with weight bearing. 

During the October 2017 VA examination, the Veteran was able to perform repetitive-use testing with at least three repetitions without additional loss of function or range of motion afterwards. The examiner noted that the Veteran has guarding or muscle spasm of the thoracolumbar spine, but it does not result in abnormal gait or abnormal spinal contour. The examiner noted radicular pain due to radiculopathy. The Veteran did not have ankylosis of the spine. The examiner noted that the Veteran has IVDS, but reported that she did not have any episodes of acute signs and symptoms due to IVDS that required bed rest prescribed by a physician and treatment by a physician in the past 12 months. The examiner noted documented arthritis by imaging studies. 

As stated above, in order to warrant a 20 percent evaluation, there must be functional limitation of forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or combined range of motion of the thoracolumbar spine not greater than 120 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour. However, the evidence of the record does not show such limitation, to include functional loss due to pain, weakness, premature or excess fatigability, and incoordination. See DeLuca, 8 Vet. App. at 202; see also 38 C.F.R. §§ 4.40, 4.45, 4.59 (2018). 

Also, notably, the Veteran’s IVDS did not result in incapacitating episodes that required bed rest prescribed by a physician and treatment by a physician having a total duration of at least two weeks but less than four weeks during a 12-month period. 

Consequently, the Veteran’s entitlement to an evaluation in excess of 10 percent for her service-connected degenerative disc disease of lumbar spine is not warranted. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.6, 4.7, 4.40, 4.45, 4.59, 4.71a Diagnostic Code 5253 (2018).

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. E. Kim, Associate Counsel